803 F.2d 723
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM FRANKLIN WYNN and WILLIAM KENNETH HARRIS, Plaintiffs-Appellants
v.
LAMAR ALEXANDER, et al., Defendants-Appellees
 No. 84-5450.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1986.
 
 Before: MARTIN and KRUPANSKY, Circuit Judges, and CHURCHILL, District Judge.*
 CHURCHILL, District Judge
 krupansky, J.,
 
 
 1
 This is an appeal from the dismissal of an action brought under 42 U.S.C. Sec. 1983 by two inmates of Tennessee's Brushy Mountain State Prison. The plaintiffs, William Franklin Wynn (Wynn) and William Kenneth Harris (Harris), filed their complaint and an amendment thereto pro se. As amended, the complaint constitutes a broad-ranging attack not only upon the level of due process plaintiffs were afforded after being placed in involuntary administrative segregation, but also upon the living conditions and practices to which they, as segregated inmates, were subjected at Brushy Mountain Prison.
 
 
 2
 The defendants, various prison officials of the State of Tennessee, filed a motion to dismiss or for summary judgment on February 14, 1982. Following a hearing on the motion on May 4, 1984, the district court dismissed the plaintiffs' case, and denied plaintiffs' motion for leave to file a second amendment to the complaint.
 
 
 3
 Although the plaintiffs' motion was entitled as a motion to dismiss or for summary judgment, and although one affidavit was submitted in support of the motion, the court did not rely on evidence in granting the defendants' motion. We will examine the district court's action as if the defendants' motion was a motion to dismiss for failure to state a claim. Furthermore, although the district court appointed trial counsel for the plaintiffs, it is clear that appointed counsel had little, if any, impact upon the proceedings in district court. Fairness to the plaintiffs requires that the complaint as amended be examined under the liberal standards applicable to pro se complaints.
 
 
 4
 For reasons hereinafter stated, we affirm the dismissal of the amended complaint, but determine that the plaintiffs should have been given leave to file another amendment to the complaint with respect to certain claims.
 
 
 5
 The plaintiffs were placed in involuntary administrative segregation after the associate warden learned through informants that the plaintiffs' physical safety might be endangered should they remain in the general prison population. The plaintiffs were not given an opportunity to confront the informants at the hearing and were not given a written, post-hearing statement of the board that reviewed the administrative segregation order. They did have the opportunity to consult with the resident adviser prior to the hearing. They made an oral presentation and were given the opportunity to present witnesses. The district judge correctly dismissed this aspect of the complaint in reliance on Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).
 
 
 6
 Although they complained about the loss of the ability to earn good-time credits as an incident of administrative segregation, there is no claim in the complaint, amended complaint or motion to amend that previously earned credits were taken away. Because an amendment with respect to assignment to administrative segregation would be futile, the amended complaint which is authorized hereby to be filed may not raise issues concerning assignment to administrative segregation.
 
 
 7
 The complaint as amended raises issues concerning conditions of confinement in administrative segregation and access to courts while therein. These claims were dismissed because they are the subject matter of other litigation.
 
 
 8
 The claims involving conditions of confinement are being litigated in another case. Grubbs v. Bradley, 552 F. Supp. 1052 (M.D. Tenn. 1982). Moreover, the plaintiffs do not dispute that they are named plaintiffs in a pending suit in the same district court in which this case was filed wherein virtually identical claims of denial of access are at issue.
 
 
 9
 Grubbs is a class action brought by "all present and future adult inmates committed to the custody of the Tennessee Department of Correction." Grubbs, 552 F. Supp. at 1055. Among the conditions of Brushy Mountain under scrutiny in Grubbs are the housing facilities; the environmental conditions including the general maintenance of the prison, lighting and ventilation, and the sanitary conditions throughout the food service and food preparation areas; personal hygiene facilities; idleness; violence; and, the adequacy of health service. There is no indication in the order appointing a special master to remedy the problems at Brushy Mountain that his scope of inquiry is limited to the conditions of confinement of general population inmates as opposed to segregated inmates. With respect to the denial of access claims, the parties seem to agree that the same or substantially similar claims are being decided in the case of Scott v. Bradley, No. 81-3526 (M.D. Tenn. 1981).
 
 
 10
 Aside from the contention that their claims of unconstitutional conditions of confinement fall outside the ambit of Grubbs, which is not the case, the plaintiffs generally argue that it would have been more appropriate to stay these portions of their actions rather than to dismiss them. As stated in Landis v. North American Company, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936), a case cited by the plaintiffs, courts have inherent power "to control the disposition of the causes on [their] docket with economy of time and effort for [themselves,] for counsel, and for litigants." Applying this principle here, there seems to be no reason that the district court could not exercise its discretion to dismiss what amount to duplicitous claims rather than resort to the awkward procedure of staying part of the action. See also Fed.R.Civ.P. 16 (mandating an active role by the federal judiciary in case management prior to trial).
 
 
 11
 The amended complaint which we authroize to be filed may not include claims that are within the scope of the above-mentioned other litigation.
 
 
 12
 There appears to be a third category of claims in the amended complaint which the district judge recognized as being outside the scope of the administrative segregation confinement claim and outside the scope of the conditions of confinement litigation. These were recognized as being viable claims but were dismissed because of failure to allege necessary personal involvement of individual defendants. The defendants should have been permitted to file an amended complaint with respect thereto.
 
 
 13
 Accordingly, we affirm the dismissal of the amended complaint and the denial of permission to file the proposed amended complaint, but remand for entry of an order authorizing the filing of an amended complaint which is limited as to scope as set forth above.
 
 
 14
 KRUPANSKY, J., Concurring in part and dissenting in part. I concur with the majority's decision to affirm both the dismissal of the complaint and the denial of the motion to amend the complaint to add a claim for loss of the ability to earn good-time credits. I must, however, respectfully dissent from the majority's decision which would remand the case to permit plaintiffs to amend their complaint to assert causes of action concerning strip searches, denial of medical treatment and inadequate itemizing of personal property.
 
 
 15
 The record discloses that plaintiffs commenced this action on August 18, 1982 and that the defendants moved to dismiss, or alternatively for summary judgment, on December 14, 1982. In the motion, defendants challenged the sufficiency of the complaint for failure to allege the personal involvement of any of the named defendants. Plaintiffs were thereby placed on notice of the need to correct the defects in their complaint.
 
 
 16
 Subsequently, on December 17, 1982, plaintiffs moved to amend the complaint to add a claim for loss of the ability to earn good-time credits. The proposed amendment did not seek to cure the defects in the complaint by including allegations of personal involvement by the named defendants.
 
 
 17
 The district court did not issue its opinion dismissing the complaint and disallowing the proposed amendment until May 4, 1984, approximately a year and a half after the motion to dismiss had been filed. Despite their knowledge of the insufficiency of their allegations, plaintiffs made no attempt in the lower court to amend the complaint to assert that the named defendants were personally involved. Nor have they pressed for such an amendment in this court. Rather, plaintiffs elected to stand on the allegations as pled.
 
 
 18
 Now the majority sua sponte remands the case soliciting an amendment which was knowingly refused by plaintiffs. In so remanding, the majority precludes a final disposition upon an assumption that the plaintiffs were in fact personally involved in cognizable causes of action arising from strip searches, denial of medical treatment and inadequate itemizing of personal property. Such sua sponte action goes beyond the relief sought on appeal and only invites litigation into perpetuity. I would therefore finally dispose of this case without remanding it to the district court for further action.
 
 
 
 *
 The Honorable James P. Churchill, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation